IN

# THE SUPREME COURT

OF

## PENNSYLVANIA.

### MIDDLE DISTRICT—HARRISBURG 1872.

## Burger *versus* The Farmers' Mutual Insurance Co.

1. The rules of an insurance company required that notice of the transfer of a policy should be given to the company; in an action by a transferee, who had not given notice, to recover for loss by fire, evidence that the company had "always permitted and do now permit such transfers to be made, *Held* to be inadmissible.

2. Evidence of a usage of trade is competent in construing the terms of a contract.

3. A policy in a *mutual* insurance company was assignable by its terms; its charter provided in case of alienation of the property insured, the policy should be void. *Held*, that an alienee of the property to whom the policy had been assigned, could not recover on the ground of want of knowledge of the provision.

4. The original party insured was bound to know the provision, and his assignee had no higher right.

May 6th 1872.  Before READ, AGNEW and SHARSWOOD, JJ.

Error to the Court of Common Pleas of *Lancaster county*: No. 1, to May Term 1872.

This was an action of debt brought December 9th 1869, by Philip A. Burger against The Farmers' Mutual Insurance Company of Lancaster County; to recover for loss by fire of the property of plaintiff insured by defendants.

The policy on which the plaintiff claimed was issued to Henry Diegle, April 20th 1864, and was on a frame dwelling-house, kitchen and bake-house, frame stable and frame tobacco-shed, altogether valued at $1330.  The policy covenanted "to make

(422)

[Burger *v.* Farmers' Mutual Insurance Co.|

good, &c., unto the said insured, his heirs, executors, administrators and assigns," the loss, &c.

The company were incorporated under an Act of Assembly approved January 31st 1844, the 7th section of which provided: "When any property insured with this company shall be aliened by sale, or otherwise, the policy shall therefrom be void, and shall be surrendered to the directors to be cancelled."

On the 1st of April 1868, Diegle conveyed the property insured to Burger the plaintiff.

Afterwards Diegle endorsed on the policy the following: "For a valuable consideration to me in hand paid by the said P. A. Burger I do hereby assign, transfer and set over all my right, title, claim and interest to and in the within policy to the said P. A. Burger, his heirs and assigns; he agreeing to pay all the taxes that may henceforth be assessed on the said property by the Farmers' Mutual Insurance Company.

"Witness my hand and seal this 28th day of December, A. D. 1868."

The plaintiff gave in evidence the foregoing facts, and after evidence by defendants, offered in rebuttal, "to prove by witnesses, that notwithstanding the Act of Assembly, the company (defendants) always have permitted, and do now permit such transfers to be made, and proposed to show to the court and jury a number of such transfers then in his possession." The offer was objected to by the defendants, rejected by the court and a bill of exceptions sealed.

After evidence on both sides, the case being closed, the plaintiff submitted this point:—

The plaintiff having received for a valuable consideration a policy issued by defendants, which on its face is assignable, and which has no reference to any conditions, precedent or otherwise, or any other stipulation, and having no knowledge of the provisions of the Act of Assembly incorporating the defendants, regulating assignments and transfers, and not being bound to know the provisions of the charter of defendants, which is a private act passed in 1844, is entitled to recover in this case notwithstanding said act.

The court (Hayes, J.) said: "I answer that he is not entitled to recover, and that the verdict of the jury should be in favor of the defendants."

The verdict was for the defendants.

The plaintiff took a writ of error and assigned for error the rejection of his offer of evidence and the answer to his point.

*B. G. Eshelman* and *A. Herr Smith*, for plaintiff in error.— The company could waive a compliance with their rules: Helme *v.* Phila. Life Ins. Co., 11 P. F. Smith 111; Carroll *v.* Charter

[Burger *v.* Farmers' Mutual Insurance Co.]

Oak Ins. Co., 38 Barbour 402. As to the answer to the point they cited Lycoming Ins. Co. *v.* Mitchell, 12 Wright 367. The act being private the defendants were not bound to know its provisions : 1 Blackstone's Com. 86.

*A. M. Frantz* and *N. Ellmaker*, for defendants in error.—Each person insured in a mutual company is a member and bound to know its rules, &c. : Mitchell *v.* Lycoming Mut. Ins. Co., 1 P. F. Smith 402 ; Susquehanna Ins. Co. *v.* Perrine, 7 W. & S. 348 ; Angell on Ins., sect. 10, p. 47. The alienation avoided the insurance : Ferree *v.* Oxford Ins. Co., 17 P. F. Smith 373.

The opinion of the court was delivered, May 16th 1872, by

Sharswood, J.—The offer of the plaintiff below, the rejection of which, by the court, forms the subject of the first assignment of error, was not an offer to prove a usage, to give a construction to the contract. But it was an offer to show that the defendants, the insurance company, had in other instances, and as to other parties, waived a compliance with the condition or regulation requiring that, in case of a transfer, notice should be given to them, and the policy surrendered to be cancelled. Of what avail is it to cite cases to prove that an insurance company may waive a compliance with its own rules, or the conditions of the contract ? There was no offer to prove a waiver in this case, but it was to prove that notwithstanding the charter of the company, which provided that " when any property insured in this company shall be aliened by sale or otherwise, the policy shall therefrom be void, and shall be surrendered to the directors to be cancelled," the company always have permitted, and do now permit such transfers to be made, and that they have great numbers of these transfers in possession. The case of Helme *v.* The Philadelphia Life Ins. Co., 11 P. F. Smith 107, does not support the contention of plaintiff in error. There, the offer was not to show that the insurance company sued, had, in other instances, allowed thirty days grace for the payment of premiums due, when a clause for forfeiture for non-payment on the day existed ; but that such was the custom of all life insurance companies. In other words, the offer was to prove a usage of trade—which has always been held competent to give a construction to the terms of a contract.

The second assignment of error is to the answer of the court to the point of the plaintiff below, which was, in effect, that inasmuch as the policy of insurance on its face was assignable, and the plaintiff had no knowledge of the provisions of the charter, he was, nevertheless, entitled to recover. But it is very clear that this being a mutual insurance company, all persons insured become members ; and Henry Diegle, the party originally insured, must be held to have known the provisions of the charter. A policy

may be an assignable but it is not a negotiable instrument. Burger, therefore, could have no better right than his assignor, Diegle, who was bound to know the terms of the charter, which, upon an alienation of the property, required the policy to be surrendered.

Judgment affirmed.